OPINION
{¶ 1} On December 30, 1998, appellant, Laura (Johnson) Wear, and appellee, Ronald Johnson, were divorced. Appellee was ordered to pay appellant $292.57 per month in child support.
 {¶ 2} Appellant requested an administrative review of the child support order through the Guernsey County Child Support Enforcement Agency (hereinafter "CSEA"). By order dated August 3, 2004, the CSEA modified appellee's child support obligation to $423.20 per month.
 {¶ 3} Appellee filed an appeal with the Court of Common Pleas. Attorney Kent Biegler entered his appearance as counsel for appellant. Mr. Biegler is an associate in a law firm and also is an assistant prosecuting attorney for Guernsey County, representing CSEA. On September 17, 2004, appellee filed a motion to disqualify Mr. Biegler as appellant's counsel as his representation was improper and would be a conflict of interest. By decision filed September 23, 2004, the magistrate recommended the granting of the motion. Appellant filed objections. By entry filed October 20, 2004, the trial court denied the objections and affirmed and adopted the magistrate's decision.
 {¶ 4} A hearing on the child support modification was held on December 13, 2004. By decision filed December 15, 2004, the magistrate recommended modification of the child support obligation to $317.87 per month. By judgment entry filed same date, the trial court approved and adopted the magistrate's decision.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred by denying appellant the right to choose the counsel of her choice by granting appellee ronald ray johnson's motion to disqualify attorney Kent D. Biegler from representing the appellant in the lower court on a mistake of fact hearing as requested by appellee."
 I {¶ 7} Appellant claims the trial court abused its discretion in sustaining appellee's motion to disqualify her counsel from representing her in the trial court's review of CSEA's child support modification order.
 {¶ 8} For the following reasons, we find appellant's appeal to be moot. On October 20, 2004, the trial court disqualified appellant's counsel, and set a hearing for October 26, 2004. On said hearing date, the magistrate granted appellant a continuance to obtain new counsel. See, Order filed October 27, 2004. A new hearing date was set for December 13, 2004.
 {¶ 9} On November 16, 2004, appellant filed a motion to stay the proceedings pending an appeal of the disqualification issue. By entry filed December 8, 2004, the trial court denied said motion.
 {¶ 10} On December 13, 2004, the scheduled hearing on the issue of CSEA's child support modification order was held. By decision filed December 15, 2004, the magistrate recommended modification of the child support obligation to $317.87 per month. The trial court approved and adopted the magistrate's decision on same date.
 {¶ 11} The arguments raised by appellee in this appeal center on the disqualification issue, namely, the representation of appellant, a CSEA client, by Mr. Biegler, a CSEA attorney, on a review by the trial court of a CSEA order. The issue of child support was resolved by the trial court's December 15, 2004 judgment entry.
 {¶ 12} Upon review, we do not find the existence of a pending case or controversy on the issue of child support and administrative review. We therefore conclude pursuant to App.R. 12(A)(c) the sole assignment of error is moot. The appeal is dismissed.
By Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the assignment of error is moot and the appeal is dismissed.